UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**ANDRE L. STEED (#1133802),**

    Petitioner,

v.                                              CIVIL ACTION NO. 2:25cv181

**CHADWICK DOTSON, Director
Virginia Dept. of Corrections,**

    Respondent.

## REPORT AND RECOMMENDATION

Pro se Petitioner Andre L. Steed ("Petitioner" or "Steed") filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his custody by the Virginia Department of Corrections ("VDOC"). Pet. (ECF No. 1, at 1-3). His Petition alleges that the VDOC violated his Due Process Rights by failing to apply good conduct credit and improperly adding a suspended sentence to his period of incarceration, which resulted in him being held in custody past his release date. Id. The matter was referred to me for a recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of this court.

Respondent Chadwick Dotson ("Respondent") filed a Rule 5 Answer and a Motion to Dismiss with the notice to pro se plaintiff required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). (ECF Nos. 10-12). The court also provided Roseboro notice to Petitioner. (ECF No. 13). Steed filed a response in opposition

1

to the Motion to Dismiss, (ECF No. 19), and a Motion to Appoint Counsel, (ECF No. 20). As explained below, based on the grounds alleged, Steed's Petition is untimely and he has not presented sufficient evidence to warrant equitable tolling, nor has he presented evidence of actual innocence to overcome the time-bar. I therefore recommend that Respondent's Motion to Dismiss, (ECF No. 11), be GRANTED, that Steed's Motion to Appoint Counsel, (ECF No. 20), be DENIED, and his Petition, (ECF No. 1), be DENIED and DISMISSED with prejudice.

## I.   FACTUAL AND PROCEDURAL HISTORY

In 1997, Steed was convicted of possession of marijuana and escape with force. He was sentenced to serve five years and twelve months with two years, two months suspended—for an active term of three years and ten months. He was released from custody in September 2000.[1] Sentencing Order, Commonwealth v. Steed, No. CR97-2974 (Va. Cir. Ct. Sep. 29, 1997) (ECF No. 10-1, at 44-45).

In October 2001, while still under the suspended sentence, Steed was convicted of burglary of a dwelling at night, use of a firearm in the commission of a felony, and aggravated sexual battery. Commonwealth v. Steed, No. CR10-3263 (Va. Cir. Ct. Oct. 18, 2001) (ECF No. 1, at 79-82). His petition alleges he was sentenced to serve a total of 24 years, 8 months, and ten days,

---

[1] Citations are to the copy of the State Habeas proceedings in Steed v. Dotson, No. 230666, including related exhibits which were attached as Exhibit A to Respondent's Rule 5 Answer,(ECF No. 10-1).

2

including reimposition of time on his earlier convictions. Pet. (ECF No. 1, at 29). During his incarceration, Steed received several updates from VDOC listing his total sentence as being over 26 years, 34 months. State Habeas Pet.'s Exs., Steed v. Clarke, No. 230666 (Va. Sep. 15, 2023) (ECF No. 10-1, at 47, 50, 82) (reflecting updates provided in 2023, 2005, and 2007). As he neared the end of his sentence, Steed notified VDOC that he believed he was serving more time than his original sentence required. Pet. (ECF No. 1, at 30).

On September 15, 2023, Steed filed a writ of habeas corpus in the Virginia Supreme Court alleging that VDOC had miscalculated his sentence, improperly applied his sentence credits, and as a result holding him in custody longer than required by the terms of his original sentence. State Habeas Pet., Steed v. Clarke, No. 230666 (Va. Sep. 15, 2023), (ECF No. 10-1, at 1-40). The Virginia Supreme Court dismissed Steed's petition on May 13, 2024, as untimely, Steed v. Dotson, No. 230666 (Va. May 13, 2024), and denied his request for rehearing on July 15, 2024, Steed v. Dotson, No. 230666 (Va. July 15, 2024) (ECF No. 10-1, at 232).[2]

---

[2] Steed was scheduled for release from VDOC custody on July 1, 2024, but was held pending final disposition of civil commitment proceedings. In August 2025 Steed filed a Notice of Change of Address, (ECF No. 15), reflecting a new residential address in Norfolk, Virginia. He may have been released—but the record is not clear so the court will proceed to recommend dismissal.

3

On March 31, 2025, Steed filed this federal habeas petition under 28 U.S.C. § 2254. Pet. (ECF No. 1). In his federal petition, Steed asserts claims identical to those he raised in his state habeas filing. He claims VDOC improperly added time to his state sentence and failed to properly credit him with earned sentence credit. Id. at 6-9. He alleges the calculation errors violated his right to due process under the Fifth and Fourteenth Amendments, and he seeks an Order from this court directing Respondent to recalculate his sentence. Id. at 19.

Respondent filed a Rule 5 Answer and moved to dismiss the Petition, arguing that Steed's petition is both procedurally barred and untimely. Mem. Supp. Resp't's Mot. Dismiss ("Resp't's Br.) (ECF No. 12, at 3-7). Specifically, Respondent explains that the federal statute of limitations expired one year after the date on which "the factual predicate of the claim or claims presented could have been discovered with due diligence" Id. at 6 (citing 28 U.S.C. § 2244(d)(1)(D); Wade v. Robinson, 327 F.3d 328, 333 (4th Cir. 2003). Further, Respondent argues that Steed has alleged no grounds for equitable tolling, nor any claim of actual innocence.

Although Steed filed a response in opposition to the Motion to Dismiss, the response does not address the time bar, nor assert any basis for equitable tolling nor any claim of actual innocence. Pet. Opp'n Mot. Dismiss ("Pet. Opp'n") (ECF No. 19, at 1-4).

4

## II. <u>ANALYSIS</u>

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In this case, Steed invokes his Fifth and Fourteenth Amendment right to due process. But Steed is time-barred from raising these claims in federal court, and he offers no valid reason to excuse his untimely filing. This Report thus recommends the court GRANT Respondent's Motion to Dismiss, (ECF No. 11), and DISMISS Steed's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, (ECF No. 1), with prejudice.

### A. **Steed's Petition is Time-Barred Under the One-Year Federal Statute of Limitations**.

Steed's federal habeas petition is time-barred by the one-year statute of limitations. Under 28 U.S.C. § 2244(d)(1), a prisoner seeking federal habeas corpus relief from a state court conviction is subject to a one-year statute of limitations, which runs from the latest of the date on which: (A) the judgement becomes final by the conclusion of direct review or the expiration of the time for seeking such review; (B) any state-created barrier to filing a petition is removed; (C) the United States Supreme Court newly recognizes the right asserted; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. <u>Id.</u> § 2244(d)(1)(A)-(D). The one-

year limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2).

For purposes of federal habeas review, Steed's statute of limitations began to run when he knew—or should have known—of the factual predicate underlying his claim. According to the records submitted with his state habeas filings—the allegedly erroneous calculation was disclosed to Steed as early as 2005. State Habeas Pet.'s Exs., Steed v. Clarke, No. 230666 (Va. Sep. 15, 2023) (ECF No. 10-1, at 50). Steed acknowledges receiving these regular updates, including the most recent one in the record dated March 7, 2023. Pet. (ECF No. 1, at 29).

On September 15, 2023, Steed filed a state habeas petition. State Habeas Pet., Steed v. Clarke, No. 230666 (Va. Sep. 15, 2023) (ECF No. 10-1, at 3). Ordinarily, the state filing would toll the limitations period until the Supreme Court of Virginia finally resolved Steed's state habeas petition on July 15, 2024. Steed v. Dotson, No. 230666 (Va. May 13, 2024) (ECF No. 10-1, at 211-13); Steed v. Dotson, No. 230666 (Va. July 15, 2024) (ECF No. 10-1, at 232). However, Steeds state petition was dismissed as untimely, and therefore not "properly filed" as required to toll the limitations period. Escalante v. Watson, 488 F. App'x 694, 697 (4th Cir. 2012) (citing Artuz v. Bennett, 531 U.S. 4, 11 (2000).

6

Steed's federal limitation period for a challenge to his sentence calculation thus expired long before he filed the present Petition. The state habeas court observed that Steed was aware of the calculation errors he relies upon as early as 2002 and 2005—but even if he did not learn of the error until his most recent update in 2023—his petition filed in March 2025 was over a year late.

**B.    Steed Presented Insufficient Evidence to Warrant Equitable Tolling.**

Steed's Petition—filed on March 31, 2025—is untimely under 28 U.S.C. § 2244(d)(1)(D). In rare circumstances, an untimely filed habeas petition may be subject to equitable tolling if the petitioner can establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" that prevented a timely filing. Holland v. Florida, 560 U.S. 631, 634 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Fourth Circuit limits equitable tolling to those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)).

Steed did not attempt to establish grounds for equitable tolling in his federal habeas petition. He did not request it in his petition, nor file any response asserting a right to equitable

7

tolling. There is also no evidence in the record to plausibly support a claim that he diligently pursued his rights and extraordinary circumstances prevented him from being able to comply with the statute of limitations. See, e.g., Allen v. Johnson, 602 F. Supp. 2d 724, 727-28 (E.D. Va. 2009) (noting that ordinary difficulties of incarceration do not constitute extraordinary circumstances because prisoners are regularly subject to them as a part of prison life); Custis v. Doughty, No. 3:23-cv-826, 2024 WL 4668132, at *5 (E.D. Va. Nov. 4, 2024) (citing Johnson v. Fla. Dep't of Corr., 513 F.3d 1328, 1331-32 (11th Cir. 2008) (holding that a petitioner must show a state action both violated the Constitution of the United States and prevented the prisoner from filing his federal petition to delay the running of the state of limitations)). Because Steed did not file his petition within the one-year limitation period and has not established any circumstances which would entitle him to equitable tolling, his petition is time-barred.

**C.    Steed Presented No Evidence of Actual Innocence to Overcome the Time-Bar.**

A petitioner may still overcome a time-bar by making "a convincing showing of actual innocence." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). The threshold requirement to prove actual innocence is high. A claim of actual innocence must be supported by new reliable evidence and "a petitioner must . . .

demonstrate that the totality of the evidence would prevent any reasonable juror from finding him guilty beyond a reasonable doubt, such that his incarceration is a miscarriage of justice." Teleguz v. Pearson, 689 F.3d 322, 328-29 (4th Cir. 2012) (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)). Additionally, "a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." United States v. Pettiford, 612 F.3d 270, 282 (4th Cir. 2010) (quoting United States v. Mikalajunas, 186 F. 3d 490, 494 (4th Cir. 1999)); see also Bousley v. United States, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency."). Steed's claim relates only to the calculation of his sentence, and he does not assert his actual innocence of the underlying offenses in any of his claims for relief.

### III. RECOMMENDATION

Because Steed's federal habeas petition is time-barred, and because no plausible claim of equitable tolling or actual innocence excuses his untimely filing, the undersigned recommends that the Respondent's Motion to Dismiss, (ECF No. 11), be GRANTED, and Steed's Motion to Appoint Counsel (ECF No. 20) be DENIED, and his Petition, (ECF No. 1), be DISMISSED with prejudice.

## IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984);

<u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia

December 30, 2025

11

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing was mailed this date to both:

**Andre L. Steed**
**1133802**
**VA DOC Centralized Mail Distribution Center**
**3521 Woods Way**
**State Farm, VA 23160**

**AND**

**Andre L. Steed**
**2237 Hanson Ave.**
**Norfolk, VA 23504**

A copy of the foregoing was provided electronically this date to:

**Mitchell Ellis Sanders**
**Virginia Office of the Attorney General**
**Correctional Litigation**
**4429 Bonney Rd**
**Suite 400**
**Virginia Beach, VA 23462**

Fernando Galindo, Clerk

By  /s/ J. L. Meyers
Deputy Clerk

December 30, 2025